## The N. K. Fairbank Company v. Mary Bahre.

### Gen. No. 11,169.

1. NOXIOUS ODORS—*how proof of effects of. made.* For the purpose of proving that odors were capable of producing discomfort and sickness, it is competent to permit persons other than the plaintiff to testify that they were severally nauseated and made sick by such odors, the court instructing the jury the plaintiff was not entitled to recover for any discomfort or sickness caused to others by such odors.

2. VERDICT—*how amount of, must be determined.* The amount of money necessary and proper to compensate a person for damages suffered is not to be stated by witnesses nor by the judge who tried the case, nor can it be ascertained by any rule of arithmetic ; it must be left to the sound judgment of the jury, under proper instructions, to fix the amount in view of all the circumstances of the case, and the mere fact that the jury's finding is larger than an appellate tribunal would, in the first instance, have awarded, is not ground for setting it aside and granting a new trial.

Action on the case for damages arising from the maintenance of alleged nuisance. Appeal from the Circuit Court of Cook County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Heard in this court at the March term, 1903. Affirmed. Opinion filed February 25, 1904.

OLIVER & MECARTNEY, for appellant.

MASTERSON & HAFT, for appellee.

MR. JUSTICE BALL delivered the opinion of the court.

The cause of action in this case grows out of the same facts as are found in N. K. Fairbank Co. v. Frederick Nicolai, the opinion in which is this day handed down. The alleged nuisance is the same, and the pleadings are substantially alike. That case is referred to for the situation and surroundings. They will not be repeated here. The opinion in that case must govern in this so far as it is applicable.

The trial herein resulted in a verdict for appellee, which fixed her damages at the sum of $3,000. From that judgment an appeal was perfected to this court.

The premises of appellee, twenty-three feet front by eighty-four feet deep, are situate west of and next adjoin_

ing the "south lot" upon which the barrels of soap-stock were stored. Her house faces south on Sheridan place, an east and west street lying between Twentieth and Twenty-first streets. At the time of the trial, in November, 1902, she had owned and lived in that house for ten years.

The contention that the declaration is insufficient in not alleging that the offensive odors permeated the air on appellee's premises, is disposed of adversely to appellant in the Nicolai case.

The second point made by appellant is that appellee, over the objection of appellant, was permitted to introduce evidence as to conditions which existed and as to damage suffered after the suit was commenced April 10, 1900, and that this was error. Appellant has not in his brief pointed out an instance in which any evidence offered by appellee was given as to conditions existing after the commencement of the suit; nor have we been able to find any positive evidence of that character in the record. But if such evidence exists, appellant has not preserved in the record an exception to its introduction at the time it was offered; and is therefore estopped to raise that question here.

Appellant contends that permitting other persons to testify that they were severally nauseated and made sick by the odors arising from the "soap-stock" was error. The court instructed the jury that appellee was not entitled to recover for any sickness or discomfort to others caused by such odors. Thus limited, the evidence was competent as tending to prove that these odors were capable of producing the sickness and discomfort of which appellee complained. Wylie v. Elwood, 134 Ill. 268.

There is no error in the modification made by the court in appellant's instruction concerning the weight to be given to the evidence of appellee.

The further contention of appellant is that the damages awarded are excessive.

The damages, if any, for which appellee can recover are measured by her personal annoyance and the deprivation of the use and comforts of her home in so far as they were occasioned by the nuisance of which she complains.

The evidence shows that upon this "south lot" appellant had placed and suffered to remain several thousand barrels, most of which were filled with "soap-stock." It also tends to show that many of these barrels leaked, or were broken, so that part of their contents ran out in the yard, into the street, and upon appellee's premises. It is clear that if this "soap-stock," when thus exposed, caused discomfort and sickness, the location of appellee's premises was such that she necessarily suffered therefrom. The effect of the situation, whether harmful or otherwise, to appellee, was the main question at issue in this case. Upon that question the jury found for appellee. In our opinion such finding is amply sustained by the evidence. The amount of damages resulting therefrom was also submitted to the jury. Their finding in that regard was considered by the learned trial judge upon the motion for a new trial. He overruled that motion, thereby implying that as he saw and heard the case the damages were not so excessive as to indicate passion or prejudice upon the part of the jury.

The amount of the verdict is probably larger than we would give, if the case had been submitted to us in the first instance. But that fact alone does not authorize us to reverse the judgment, and to grant a new trial.

The amount in money necessary and proper to compensate appellee is not to be stated by witnesses, nor by the judge who tried the case, nor can it be ascertained by any rule of arithmetic. It must be left to the sound judgment of the jury, under proper instructions, to fix the amount, in view of all the facts and circumstances of the case. Gempp v. Basham, 60 Ill. App. 87, and authorities cited.

"Of the amount (of the damages) under the facts, the jury were the sole judges, and where no other evidence of prejudice or passion appears in the finding, courts seldom set aside a verdict for excessive damages in a case like this." Ill. Central R. R. Co. v. Simmons, 38 Ill. 244, an action for personal injuries. We cannot disturb this judgment because of the amount awarded.

The judgment of the Circuit Court is affirmed.

*Affirmed.*